19-000882-NF    FILED IN MY OFFICE    Cathy M. Garrett   WAYNE COUNTY CLERK    1/22/2019 8:00 AM    Susan Dixson

Marcus Evangelista PC ———— Attorney and Counselor at Law

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

MAPLE MANOR REHABILITATION CENTER LLC, a limited liability company, MAPLE MANOR NEURO CENTER INC., a Michigan corporation, JOSE S. EVANGELISTA, III, M.D., P.C., a Michigan corporation, and LIVONIA DIAGNOSTIC CENTER, P.C., a Michigan corporation, A. PETER EVANGELISTA, M.D., P.C., a Michigan corporation, ADVANCED WOUND CARE AND HYPERBARIC MEDICINE OF MICHIGAN INC., a Michigan corporation,

    Plaintiffs,

-vs-

GALLAGHER BASSETT SERVICES, an Insurance Company, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA and FIRST AMERICA,

    Defendants.

Case No.:                -NF
Honorable

_____/

MARCUS EVANGELISTA, P.C. (P60397)
Marcus Evangelista, CPA, MBA, ESQ
Attorney for Plaintiffs
7071 Orchard Lake Road, Suite 333
West Bloomfield, MI 48322
Phone (248) 626-1114; Fax (248) 626-3918
Marcus@maplemanorrehab.com

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, by and through their attorney, and file this Complaint against Defendants, GALLAGHER BASSETT SERVICES, an Insurance Company,

1


EXHIBIT A

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA and FIRST AMERICA, as follows:

## THE PARTIES AND JURISDICTION

1a. Plaintiffs Maple Manor Rehabilitation Center, LLC, and Maple Manor Neuro Center, Inc. [hereafter jointly referred to as "Maple Manor"] are Michigan companies doing business in Wayne County, Michigan, and are authorized to transact the business of providing reasonably necessary products, services and accommodations for an individual's care, recovery and rehabilitation in the State of Michigan.

1b. Plaintiff Livonia Diagnostic Center, P.C. [hereafter "LDC"] is a Michigan professional corporation doing business in Wayne County, Michigan, and is authorized to transact the business of providing reasonably necessary products, services and accommodations for an individual's care, recovery and rehabilitation in the State of Michigan.

1c. Plaintiff Jose S. Evangelista, III, M.D., P.C. [hereafter "JSE"] is a Michigan professional corporation doing business in Wayne County, Michigan, and is authorized to transact the business of providing reasonably necessary products, services and accommodations for an individual's care, recovery and rehabilitation in the State of Michigan.

1d. Plaintiff A. Peter Evangelista, M.D., P.C. [hereafter "APE"] is a Michigan professional corporation doing business in Wayne County, Michigan, and is authorized to transact the business of providing reasonably necessary products, services and accommodations for an individual's care, recovery and rehabilitation in the State of

Michigan.

1e. Plaintiff Advanced Wound Care and Hyperbaric Medicine of Michigan, Inc. [hereafter "Advanced Wound Care"] is a Michigan professional corporation doing business in Wayne County, Michigan, and is authorized to transact the business of providing reasonably necessary products, services and accommodations for an individual's care, recovery and rehabilitation in the State of Michigan.

1f. MICHAEL EDWARDS [hereafter "patient" or "insured"] was involved in a motor vehicle accident and sustained accidental bodily injuries arising out of the operation of a motor vehicle. The patient has provided an assignment of recovery to Plaintiffs for the collection of unpaid medical bills in the ordinary course.

2. Defendants, GALLAGHER BASSETT SERVICES, an Insurance Company, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA and FIRST AMERICA, [hereafter "Insurance Companies"] are Michigan insurers, authorized to transact the business of issuing and servicing no-fault insurance policies in the state of Michigan, and do, in fact, regularly and systematically conduct business in Wayne County, Michigan.

3. Venue is proper in Wayne County under the venue statute, MCL 600.1621, because Defendants and Plaintiffs do business in Wayne County, Michigan.

4. Subject matter jurisdiction is proper because the amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) and the subject matter of this litigation is otherwise within the jurisdiction of this Honorable Court.

3

## COUNT I
## STATUTORY AND CONTRACT ACTION FOR
## NON-PAYMENT OF NO-FAULT BENEFITS

5. Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint as if they were restated in their entirety.

6. Patient insured was involved in a motor vehicle accident and sustained accidental bodily injuries arising out of the operation of a motor vehicle, as a motor vehicle, and at the time, qualified as an insured individual of the Insurance Companies pursuant to one or more of the provisions set forth in §3114 and/or §3115 of the Michigan No-Fault Automobile Insurance Act [MCL 500.3101 et seq].

7. As a result of this motor vehicle accident, this patient was statutorily and contractually entitled to recover no-fault personal protection insurance benefits from the Insurance Companies, pursuant to the provisions of the No-Fault Act, including "allowable expense" benefits as defined in §3107(1)(a) consisting of "all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery or rehabilitation."

8. The insured has been a patient at Maple Manor and Plaintiffs have rendered reasonably necessary products, services and accommodations services for this patient's care, recovery, and rehabilitation and this patient has incurred reasonable and substantial charges for the same.

9. Plaintiffs have sent reasonable proof of the fact of the services rendered, that the services are reasonably necessary for the care, recovery and/or rehabilitation of this patient, the amount of incurred charges and that the charges are reasonable to the

Insurance Companies, requesting payment in full for these services incurred by its insured.

10. Despite receiving these bills from Plaintiffs and accompanying documentation, the Insurance Companies have refused to pay all of the charges for which the insured remains liable, over a significant period of time.

11. Pursuant to §3112 of the No-Fault Act, Plaintiffs are entitled to receive payment for the reasonably necessary services that it has provided to and for the benefit of the insured.

12. That the failure of the Insurance Companies to pay reasonable charges for the services provided by Plaintiffs to its insured, is unjustified, and in direct violation of the No-Fault Act, for the reason that these reasonable charges are due and owing under the "allowable expense" provision of §3107(1)(a) of the No-Fault Act, which obligates the Insurance Companies to pay "all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, and rehabilitation."

13. These no-fault benefits due and owing to Plaintiffs, are "overdue" as contemplated by §3142 of the No-Fault Act, thereby entitling Plaintiffs to recover interest at the rate of 12% annum from the Insurance Companies.

14. The Insurance Companies' refusal to pay these no-fault benefits to Plaintiffs constitute an "unreasonable delay" and/or "unreasonable denial" in making proper payment of a claim as contemplated by §3148 of the No-Fault Act, thereby entitling Plaintiffs to recover reasonable attorney fees from the Insurance Companies.

WHEREFORE, Plaintiffs respectfully prays that damages be awarded in its favor and against the Insurance Companies for the following elements of damage:

(a) all no-fault benefits found due and owing to Plaintiffs under the Michigan No-Fault Automobile Insurance Act (MCL 500.3101, *et seq*), including, but not limited to, those expenses which are more fully described in the preceding paragraphs of this Complaint;

(b) statutory interest at the rate of 12% per annum on all overdue benefits from the time the Insurance Companies obtained or should have obtained reasonable proof of the fact and the amount of the claimed expenses, pursuant to §3142 of the No-Fault Act;

(c) reasonable attorney fees for the Insurance Companies' unreasonable delay and/or denial in making proper payment of no-fault benefits, pursuant to §3148 of the No-Fault Act;

(d) additional interest on civil judgments allowed under the Revised Judicature Act (RJA);

(e) statutory interest at the rate of 12% per annum under MCL 500.2006;

(f) "court costs and reasonable attorney fees" under MCL 600.2591 because the Insurance Companies have unreasonably refused to pay and/or unreasonably delayed making payment;

(g) interest on money judgments including attorney fees and costs under MCL 600.6013;

(h) taxable costs, fees, and other expenses, as provided by law; and

(i)   any and all other relief this Court determines to be just and appropriate under the circumstances, including equitable relief to ensure that the insured continues to receive the services to which he is entitled.

## JURY DEMAND

All Plaintiffs demand a trial by jury on all counts in this action.

MARCUS EVANGELISTA, P.C.

/s/ Marcus Evangelista

MARCUS EVANGELISTA, P.C. (P60397)
Marcus Evangelista, CPA, MBA, ESQ
Attorney for Plaintiffs
7071 Orchard Lake Road, Suite 333
West Bloomfield, MI 48322
Phone (248) 626-1114
Fax (248) 626-3918

Date January 21, 2019